IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLARA DEE BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-CV-153-WC |
| | ) | |
| JO ANNE B. BARNHART | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

and entry of a final judgment by the United States Magistrate Judge (Docs. #18-19, filed January 18, 2007). Based on its review of the record and the briefs of the parties, the court concludes that the decision of the Commissioner is due to be reversed.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[2] the Commissioner employs a five step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of Impairments*]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  ISSUES

*A. Introduction*

The plaintiff was thirty-six years old at the time of the hearing before the ALJ and has

---

[3]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

a high school education. The plaintiff's prior work experience includes work as a laundry presser and sewing machine operator. Following the administrative hearing, the ALJ concluded that the plaintiff had the severe impairments of obesity, right posterior tibial dysfunction, and post-traumatic subtalar arthritis, as well as the aftereffects of foot and tendon surgery. The ALJ nonetheless concluded that the plaintiff was not diabled, because she retained the residual functional capacity to perform work as a dispatcher, nut sorter, or receptionist.

### B. *Plaintiff's Claims*

The plaintiff presents three issues for review: (1) whether the ALJ improperly discounted the opinion of a treating physician, (2) whether the ALJ wrongly found that the plaintiff could perform a "full range of sedentary work," and (3) whether the ALJ failed to consider the plaintiff's obesity.

## IV. DISCUSSION

### A. *Opinion of a Treating Physician*

The plaintiff argues that the ALJ improperly discounted the opinion of Dr. Taylor, one of the plaintiff's treating physicians, with respect to her pain.

Under 42 C.F.R. § 404.1527(d)(2), the opinion of a treating physician is due extra deference, because a treating professional is best able to provide a "detailed, longitudinal

picture" of a claimant's medical impairments. An ALJ may discount the opinion of a treating physician only for good cause. Good cause exists if the treating physician's opinion is unsupported by objective medical evidence or is merely conclusory, *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); or if the record supports a contrary conclusion, *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985). The ALJ must articulate explicit and adequate reasons for discounting the opinion of a treating physician. *Elam v. Railroad Retirement Board*, 921 F.2d 1210, 1215 (11th Cir. 1991).

Here, the opinion in question is a multiple-choice "clinical assessment of pain." The first line asks, "To what extent is pain of significance in the treatment of this patient?" Dr. Taylor circled the following answer: "Pain is present to such an extent as to be distracting to adequate performance of daily activities of work." The second line asks, "To what extent will physical activity, such as walking, standing, sitting, bending, stooping, moving or [sic] extremities, etc., increase the degree of pain experienced by this patient?" Dr. Taylor circled the following answer: "Greatly increased pain and to such a degree as to cause distraction from task or total abandonment of task" (Tr. 24, 267).

The ALJ wrote as follows:

> Dr. Taylor's opinions expressed in the...CAP are so brief and conclusory that they lack persuasive weight; they are unsubstantiated by any clinical or laboratory findings; thye are not accompanied by objective medical evidence; and the opinions are contrary to his own findings on examination. For example, on April 6, 2004, Dr. Taylor reports the claimant was only having mild pain. On examination, she had mild tenderness but no swelling over the posterior tibial tendon...No pain was produced on active inversion or passive eversion of the right ankle...Moreover, Dr. Taylor's assessments conflict with

>   the opinions of other treating...physicians and examining physicians. For
>   example, Dr. Hodurski reports that by April 9, 2002, the claimant had
>   significant resolution on Bextra...

(Tr. 26). The multiple-choice nature of the form, its broad categories,[4] its absence of room for a narrative explanation, and the lack of supporting documentation render it conclusory. *See Lewis v. Apfel*, 2000 WL 207018 at *7 (S.D. Ala. 2000). Independent review of the record supports the ALJ's other findings (Tr. 178, 218, 248-49, 255).[5] The ALJ provided adequate reasons for discounting the opinion of Dr. Taylor.

However, as noted by the plaintiff, the ALJ also wrote:

>   The possibility always exists that a doctor may express an opinion in an effort
>   to assist a patient with whom he or she sympathizes for one reason or another.
>   Another reality that should be mentioned is that patients can be quite insistent
>   and demanding in seeking supportive notes or reports from their physicians,
>   who might provide such a note in order to satisfy their patients' requests and
>   avoid unnecessary doctor/patient tension. While it is difficult to confirm the
>   presence of such motives, they are more likely in situations where the opinion
>   in question departs substantially from the rest of the evidence of record, as in
>   the current case. For the foregoing reasons, I accord little weight to the
>   [forms] submitted by Dr. Taylor.

(Tr. 26). As the plaintiff rightly states (Doc. #12, filed October 8, 2006, p. 3), the record contains no evidence to show that she in any way pressured Dr. Taylor to find her disabled.

---

[4] The form allows only one answer for the extent to which pain affects "walking, standing, sitting, bending, stooping, moving or [sic] extremities, etc." (Tr. 24, 267). As noted by the government, two examining physicians agreed that the plaintiff showed discomfort when standing or walking but not, apparently, while sitting (Tr. 191, 193-94, 205, 207). The distinction, which the assessment form omits, is obviously significant.

[5] Elsewhere, the ALJ observed that Dr. Taylor (in his treatment notes) described the plaintiff's problem as "slowly resolving" tibial dysfunction (Tr. 22, 249). The court further notes that, according to Dr. Taylor's notes, the plaintiff's pain "considerably improved" in January 2004 when she wore a leg cast (Tr. 249).

More importantly, although the plaintiff has not explicitly briefed it,[6] this paragraph raises a serious issue of ALJ bias.

In *Miles v. Chater*, 84 F.3d 1397, 1399-1401 (11th Cir. 1996), the Eleventh Circuit Court of Appeals dealt with an ALJ who discounted a nontreating, examining physician's opinion because that physician's opinions "almost invariably" concluded "that the person being examined is totally disabled." The court found that this statement exhibited unacceptable bias on the part of the ALJ, and wrote

> The Social Security Act "contemplates that disability hearings will be individualized determinations based on evidence adduced at a hearing." *Heckler v. Campbell*, 461 U.S. 458, 467, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66, 74 (1983)...The ALJ plays a crucial role in the disability review process. Not only is he duty bound to develop a full and fair record, he must carefully weigh the evidence, giving individualized consideration to each claim that comes before him. Because of the deferential standard of review applied to his decision-making, the ALJ's resolution will usually be the final word on a claimant's entitlement to benefits. The impartiality of the ALJ is thus integral to the integrity of the system...The ALJ's observations here with respect to the medical opinions rendered by [the physician]...without any evidence in support thereof, reflect that the process was compromised in this case.

84 F.3d at 1400-01. The court reversed on the basis of the ALJ's statement, despite the fact that the lower court had found the ALJ's decision to be otherwise supported by substantial evidence.

---

[6] Social Security proceedings are fundamentally nonadversarial, *Sims v. Apfel*, 530 U.S. 103, 107-12 (2000); *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000), and it is incumbent on this court to scrutinize the entire record to determine the reasonableness of the decision reached. *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1987). The court's consideration is therefore not limited to issues raised by the parties in their briefs, though the plaintiff's citation of the quoted paragraph (and the fact that it was unsupported by evidence in the record) arguably raised the issue in any case.

Here, the ALJ expressed an apparent bias against the opinions of *all* treating physicians. An ALJ may discount the opinion of a treating physician for reasons specific to the case and supported by the record, such as a well-supported finding that the opinion was conclusory or inconsistent with objective medical evidence. He may not do so, even in part, from a generalized belief that treating physicians are under pressure to produce "favorable" disability opinions for their patients. Systematic bias by an ALJ compromises the system established by Congress and the Commissioner as surely as does individualized bias, and this court cannot ignore it. *See Small v. Barnhart*, 329 F.2d 1272, 1275-77 (N.D. Ala. 2004); *Pritchett v. Barnhart*, 288 F. Supp. 2d 1224, 1243-44 (N.D. Ala. 2003); *both citing Hummel v. Heckler*, 736 F.2d 91, 93 (3rd Cir. 1984). "While it may be that substantial evidence in the record as a whole supports the conclusion that [the plaintiff] is not disabled, she was entitled to have that evidence evaluated by an unbiased adjudicator." *Hummel*, 736 F.2d at 95. Accordingly, the decision of the ALJ is due to be reversed, and the case remanded for further proceedings. As in *Miles*, the plaintiff must receive, at a minimum, a hearing before a different ALJ. 84 F.3d at 1391.

**B.  *Residual Functional Capacity***

The plaintiff argues that the ALJ found that the plaintiff could perform a full range of sedentary work, and that this finding was not supported by substantial evidence (Doc. #12, filed October 8, 2006, p. 5-7). However, the ALJ specifically found that the plaintiff could

*not* perform a full range of sedentary work, but instead found that the plaintiff could perform a *limited* range of such work. The ALJ wrote as follows:

> As this claimant cannot perform a full range of sedentary work, the Voctional Expert was...asked whether there is other work in the region or nation that [a hypothetical individual with the plaintiff's limitations] could perform. The Vocational Expert answered in the affirmative and provided a representative sample of such jobs, including Dispatcher...Nut Sorter...and Reception[ist].
>
> On consideration of the record, including credible expert vocational testimony, I find that the claimant has the residual functional capacity to perform jobs existing in significant numbers in the national economy...

(Tr. 31). The court is accordingly satisified that the ALJ did not find that the plaintiff could perform a full range of sedentary work, but only that she could perform the jobs listed by the vocational expert.[7] Furthermore, the ALJ's hypothetical question to the vocational expert (Tr. 312-13) assumed the objective limitations assessed by Dr. Taylor, one of the plaintiff's treating physicians (Tr. 266), which were consistent with the limitations assessed by Dr. Ivker, an examining physician (Tr. 21-22, 207). Thus, the ALJ's assessment of the plaintiff's residual functional capacity was supported by substantial evidence. The decision of the ALJ is not due to be reversed on this ground.

### C. Obesity

The plaintiff states that the ALJ failed to consider her obesity in reaching his decision (Doc. #12, filed October 8, 2006, p. 6). However, the ALJ found that the plaintiff's obesity

---

[7] This finding would have been clearer had the ALJ included it in his numbered list of findings (Tr. 31-32), but it was sufficiently clear as presented.

was a "severe" impairment (Tr. 25, 27, 31) and explicitly stated that he considered it in combination with the plaintiff's other impairments (Tr. 25; *see Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991); *Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986)). The decision of the ALJ is not due to be reversed on this ground.

## V. CONCLUSION

Based on the foregoing analysis, the court concludes that the decision of the Commissioner is due to be REVERSED, and the case REMANDED to the Commissioner for further proceedings consistent with this opinion. Such proceedings shall, at a minimum, include a hearing before a different Administrative Law Judge. A separate order will issue.

Done this 23rd day of February, 2007.

        Wallace Capel, Jr.
        WALLACE CAPEL, JR.
        UNITED STATES MAGISTRATE JUDGE